### Seymour *vs.* Bailey.

Trespass, from Madison. Assault and Battery. Pleadings. Justifications. Reasonable Doubt Evidence. Practice in Supreme Court. (Before Judge Estes.)

Jackson, C.J.—1. In an action of trespass for an assault and battery, upon a proper plea of justification being filed, the defendant would be entitled to open and conclude the case; but where the declaration alleged that the defendant, with an axe helve and with his fist, gave and struck petitioner a great many violent blows on and about divers parts of his body and particularly his head, and that he shook, pulled and knocked the plaintiff down upon the ground, and there struck him a great many other strokes and blows, by which he was greatly hurt, etc.; it was not a sufficient plea of justification to allege that the plaintiff made an assault upon the defendant, and would have beaten and ill-treated him if he had not immediately defended himself against the plaintiff, and therefore he did a little beat, ill-treat and wound the plaintiff necessarily and unavoidably, and the plaintiff, by his assault, brought it upon himself; nor was it sufficient, by amendment, to admit that the defendant struck the plaintiff one blow with an axe-helve, which he was authorized to do by reason of an attack made on him by the plaintiff, who had a stick, and was accompanied by others, and who had struck him once and was endeavoring to strike him again. Such pleas admitted only a part of the facts alleged in the declaretion, and left the burden of proving the rest upon the plaintiff under the plea of the general issue. 1 Chitty Pl., 500–501; 3 Id., 1067; 2 Gr. Ev., 95; 69 Ga., 251; 72 Id., 217; Phelps vs. Thurman, Feb. Term, 1885; Code, §3051.

2.   Where a plea of justification was held to be insufficient, and counsel for defendant proposed to amend it in any way the court would indicate, to make it a good plea, whereupon the judge said that he did not see how a plea of justification could be made under the facts, and that none could be filed, this was not a ruling on which a reversal could be had.   It is not the duty of the court to instruct counsel as to what a plea should contain.

3.   In a civil case the plaintiff is not bound to prove his case beyond a reasonable doubt.

Judgment affirmed.

S. P. Thurmond, by J. H. Lumpkin; E. T. Brown; D. W. Meadow, for plaintiff in error.

Barrow & Thomas; John J. Strickland, for defendant.